IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TOMAS RAUL HERNANDEZ,                       :

        Petitioner,                 :
                                            :
    vs.                                  :          CIVIL ACTION NO. CV204-202
                                            :
                                            :
JOSE VASQUEZ, Warden,                       :
                                            :
        Respondent.                 :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


Petitioner Tomas Raul Hernandez ("Hernandez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response to which Hernandez filed "Objections." For the reasons set forth below, this Petition should be **DENIED**.

## STATEMENT OF THE CASE

On July 21, 1989, Hernandez was arrested. (Response, Exs. 3, 4.) He was found guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; attempt to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846; possession of a firearm during drug trafficking, in violation of 18 U.S.C. §§ 942(C), (2); and possession of counterfeit federal reserve notes, in violation of 18 U.S.C. §§ 472, (2). On April 13, 1990, Hernandez was sentenced in the United States District Court for the

Southern District of Florida, receiving 181 months' imprisonment, 5 years' supervised release, and a $200 special assessment. (Id. at Exs. 1, 3.)

In a separate action, Hernandez was found guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On April 24, 1992, Hernandez was sentenced in the Southern District of Florida to 390 months' imprisonment, 5 years' supervised release, and a $100 special assessment. The sentence was set to run concurrent with the sentence imposed on April 13, 1990. (Id. at Exs. 2, 4.) Hernandez's projected release date is September 19, 2019.[1] (Id. at Ex. 4.)

Hernandez alleges that he has been denied "jail-time credit" for time he spent in custody prior to the imposition of his 1990 sentence: July 21, 1989, the date of his arrest, through April 13, 1990, the date he was sentenced in the first case.[2] (Petition, p. 2.) Hernandez avers that although he has been given credit for this time toward his 1990 sentence, he has not been given credit toward his 1992 sentence. (Objections, pp. 2, 3.)

Respondent contends that Hernandez is attempting to obtain "double credit" for the time he spent in detention prior to his 1990 sentence. Specifically, Respondent avers that Hernandez is attempting to get credit toward his 1990 and 1992 sentences. Rather than being given credit toward both sentences, Respondent asserts that the sentences were

---

[1] The Immigration and Naturalization Service ("INS") has lodged a detainer against him. (Response, Ex. 4.)

[2] Hernandez contends that he is entitled to credit for time spent in detention prior to the imposition of his 1990 sentence. Specifically, Hernandez asserts that he is entitled to credit for his detention from June 26, 1990 through April 24, 1992. A review of the record reveals, however, that the time period at issue is actually July 21, 1989, the date of his arrest, through April 13, 1990, the date he was sentenced in the first case. (Objections, p. 2.)

2

aggregated and Hernandez was awarded credit toward the aggregated sentence. (Response, pp. 7-10.)

## DISCUSSION AND CITATION TO AUTHORITY

The computation of Hernandez's sentence is governed by Title 18, United States Code, Section 3584(c), which provides:

Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584(c); U.S. Department of Justice, Program Statement No. 5880.28, p. 1-33. (Response, Ex. 6.)

"[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)[3]; accord Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972). Thus, when a sentence is set to run concurrent with a sentence being served, the second sentence runs together with the remaining portion of the sentence being served. Wilson, 468 F.2d 584.

As noted above, on April 13, 1990, Hernandez was sentenced to a term of 181 months' imprisonment. Then, on April 24, 1992, he was sentenced to 390 months' imprisonment, set to run concurrent with the April 13, 1990 sentence. Because the two sentences were set to run concurrently, the sentences were aggregated. See 18 U.S.C. § 3584(c). Hernandez was given credit toward the aggregated sentence for the time he

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

3

spent in detention prior to the imposition of the 1990 sentence (July 21, 1989 through April 13, 1990). If Hernandez were given credit toward the 1990 *and* 1992 sentences, he would be getting "double credit."[4] Petitioner has received the credit to which he is entitled toward his aggregated sentence. Accordingly, it was not error for Hernandez to be denied credit toward both individual sentences.

## CONCLUSION

For the reasons stated above, it is my **RECOMMENDATION** that Hernandez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this _29th_ day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] See *United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, 117 L. Ed.2d 593 (1992) (holding that a defendant cannot be awarded "double-credit" for his detention).

4

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

HERNANDEZ

)

vs

)

CASE NUMBER  CV204-202

VASQUEZ

)

DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.     Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.     That the aforementioned enveloped contained a copy of the document dated 7/29/05 _____, which is part of the official record of this case.

Date of Mailing:     7/29/05 _____

Date of Certificate     ☒ same date,     or     _____

Scott L. Poff,  Clerk

By:  _Sherry Taylor_____

Sherry Taylor, Deputy Clerk

Name and Address

Amy Lee Copeland
Tomas Hernandez, 40983-004, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate